IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
Civil No. 06-MC-45 JRT/FLN

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>  Petitioner, )<br>  )<br>  v. )<br>  )<br>STEPHEN P. HENCHEN, )<br>  )<br>  Respondent. ) | **FINDINGS OF FACT AND<br>RECOMMENDATION** |

This matter came on for hearing before the undersigned on July 31, 2006, pursuant to the Petition and Affidavit of the Petitioner, and an Order directing the Respondent to show cause why the Respondent should not be compelled to testify and produce records as demanded in the Internal Revenue Service Summons served on Respondent. The United States appeared by counsel, Roylene A. Champeaux, Assistant United States Attorney. Respondent appeared pro se.

### FINDINGS OF FACT

1.  These proceedings are brought under the authority of Sections 7402(b) and 7604(a) of the Internal Revenue Code to judicially enforce an Internal Revenue Service summons.

2.  David Sussman is a duly commissioned Revenue Officer employed in the Small Business/Self-Employed Division of the

1

Internal Revenue Service and is authorized to issue an Internal Revenue Service summons pursuant to the authority contained in 26 U.S.C. § 7602, and Treasury Regulation Section 301.7602-1, 26 C.F.R. § 301.7602-1.

   3.   The Respondent, Stephen P. Henchen, is a resident of the State of Minnesota.

   4.   Revenue Officer David Sussman is conducting an investigation for the collection of the tax liabilities of Respondent Stephen P. Henchen for the tax years 1995, 1996, 1997, 2001 and 2002.

   5.   The Respondent Stephen P. Henchen is in possession and control of the testimony and documents concerning the above-described investigation.

   6.   On November 10, 2005, an Internal Revenue Service summons was issued by Revenue Officer David Sussman, directing the Respondent Stephen P. Henchen to appear before said Revenue Officer on November 30, 2005 at 10:00 a.m. at 6200 Shingle Creek Parkway, Suite 600, Brooklyn Center, Minnesota to testify and to produce for examination documents and records, all of which are fully described in the summons. A copy of the summons was served on Respondent by Revenue officer David Sussman on November 10, 2005 by leaving an

attested copy at Respondent's residence located at 1009 10th Avenue North, Princeton, Minnesota.

    7.    The Respondent, Stephen P. Henchen, did not appear in response to the summons.

    8.    On May 30, 2006, the Petitioner herein filed its Petition to Enforce Internal Revenue Service Summons with the summons attached as Exhibit 2 and the Declaration of David Sussman attached as Exhibit 1.

    9.    The undersigned issued an Order to Show Cause requiring Respondent Stephen P. Henchen to appear before the undersigned on July 31, 2006, at 9:00 a.m. to show cause why the Respondent should not be compelled to testify and produce the records demanded in the Internal Revenue Service summons.

    10.    The Order to Show Cause was personally served on Respondent Stephen P. Henchen on June 26, 2006 as reflected by the Process Receipt and Return, USM - 285, filed herein.  The service was timely made.  Respondent filed a written response and appeared at the hearing.

    11.    The undersigned finds that the Court should issue an order directing Respondent to comply with the Summons.

    12.    The undersigned, pursuant to the petition, summons, and declaration filed herein further finds that: (a) Revenue

Officer David Sussman is conducting an investigation for the collection of the tax liability of Stephen P. Henchen and requires the summoned testimony and documents to enable the Internal Revenue Service to investigate the tax liabilities of Respondent for the tax years 1995, 1996, 1997, 2001 and 2002; (b) the Respondent is in possession and control of testimony and documents concerning the above-described investigation; (c) the summons was issued for a legitimate purpose; (d) the summoned testimony and data are relevant to that purpose and the data is not already in the possession of the Internal Revenue Service; (e) all Internal Revenue Service administrative steps for the proper issuance and service of the summons were followed; and (f) there has been no recommendation for criminal prosecution to the Department of Justice in connection with the Internal Revenue Service investigation.

## **CONCLUSIONS OF LAW**

1.  The Petitioner is entitled to the relief prayed for in the petition, namely, an order requiring the Respondent Stephen P. Henchen, to appear to give testimony and records as set forth in the summons before Revenue Officer David Sussman or any other proper officer of the Internal Revenue Service.

**RECOMMENDATION**

1. The undersigned recommends that the Court enter an order directing the Respondent, Stephen P. Henchen, to obey the summons in each and every requirement thereof by ordering his attendance and production of records as is required and called for by the terms of the summons before Revenue Officer David Sussman or any other proper officer of the Internal Revenue Service no later than close of business October 13, 2006, at 6200 Shingle Creek Parkway, Suite 600, Brooklyn Center, Minnesota and by ordering the Respondent to appear for the purpose of giving testimony and records concerning the federal tax liabilities of Respondent for the tax years 1995, 1996, 1997, 2001 and 2002.

Dated: August 22, 2006

s/ *Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **September 11, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.